IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Janison,                              :
                 Petitioner      :
                                         :
       v.                            :
                                         :
City of Philadelphia (Workers'               :
Compensation Appeal Board),                  :   No. 1335 C.D. 2021
             Respondent    :   Submitted: April 14, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: June 29, 2022


       Joseph Janison (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) November 5, 2021 order affirming WC Judge (WCJ) Erin Young's (WCJ Young) decision that granted Claimant's first Petition for Review of Utilization Review Determination (UR Petition), denied Claimant's second UR Petition, and granted the City of Philadelphia's (Employer) Petition to Modify WC Benefits (Modification Petition). Claimant presents two issues for this Court's review: (1) whether the Board erred by determining that Act 111[1] can be applied to injuries that occurred before its October 24, 2018, effective date; and (2) whether the Board erred by determining that Act

_____

[1] Act of October 24, 2018, P.L. 714, No. 111. Act 111 repealed an unconstitutional Impairment Rating Evaluation (IRE) provision and replaced it with a new IRE provision, Section 306(a.3) of the WC Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of Act 111, 77 P.S. § 511.3, that was virtually identical and effective immediately. Act 111 specifically incorporated and adopted the use of the American Medical Association's "Guides to the Evaluation of Permanent Impairment," 6th edition (second printing April 2009), for performing IREs.

111 is not an unlawful delegation of legislative authority. After review, this Court affirms.

On February 9, 2009, Claimant sustained a work-related injury. On February 19, 2009, Employer issued a Medical-Only Notice of Compensation Payable (NCP), accepting the February 9, 2009 work injury as a lower back contusion. On May 30, 2013, Employer issued an Amended NCP accepting the injury for indemnity and medical benefits. On May 30, 2014, WCJ Francine Lincicome (WCJ Lincicome) modified Claimant's WC benefits to Temporary Partial Disability (TPD) based on an Impairment Rating Evaluation (IRE). While Claimant's appeal to the Board was pending, the Pennsylvania Supreme Court decided *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), wherein it declared Section 306(a.2) of the WC Act (Act)[2] unconstitutional. As this decision invalidated Claimant's IRE, the Board reversed WCJ Lincicome's decision and reinstated Claimant's temporary total disability as of August 27, 2012, the date of the IRE.

On June 20, 2019, Claimant filed the first UR Petition. On July 22, 2019, Claimant filed the second UR Petition. On January 29, 2020, Employer filed the Modification Petition seeking to modify Claimant's WC benefits as of November 21, 2019, based on an IRE conducted by Lucien P. Bednarz, M.D. (Dr. Bednarz), wherein Dr. Bednarz found that Claimant had a 14% whole body impairment. WCJ Scott Olin (WCJ Olin) held eight hearings,[3] and WCJ Young held a hearing on November 23, 2020.[4] On March 15, 2021, WCJ Young granted Claimant's first UR

---

[2] Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, was repealed by Act 111, and replaced by Section 306(a.3) of the Act.

[3] WCJ Olin conducted hearings on May 14, September 17, October 8, and December 10, 2019, and February 11, May 12, July 28, and October 6, 2020.

[4] At the November 23, 2020 hearing before WCJ Young, the parties confirmed on the record that there were no objections regarding the reassignment of the Petitions to WCJ Young.

2

Petition, denied Claimant's second UR Petition, and granted Employer's Modification Petition, thereby reducing Claimant's WC benefits to TPD as of November 21, 2019. Claimant appealed to the Board. On November 5, 2021, the Board affirmed WCJ Young's decision. Claimant appealed to this Court.[5]

Initially, Act 111 replaced former Section 306(a.2) of the Act with Section 306(a.3) of the Act, which declares, in pertinent part:

> (1) **When an employe has received total disability compensation** . . . **for a period of [104] weeks, unless otherwise agreed to**, **the employe shall be required to submit to a medical examination which shall be requested by the insurer within [60] days upon the expiration of the [104] weeks to determine the degree of impairment due to the compensable injury**, **if any**. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [American Medical Association (AMA) 'Guides,'] 6th edition (second printing April 2009).
>
> (2) **If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009), the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009), the employe shall then receive partial disability benefits** . . . : Provided, however, That no reduction shall be made until [60] days' notice of modification is given.
>
> (3) Unless otherwise adjudicated or agreed to based upon a determination of earning power . . . , the amount of compensation shall not be affected as a result of the

---

[5] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1172 n.3 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021).

3

change in disability status and shall remain the same. An insurer or employe may, at any time prior to or during the [500]-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the [500]-week period of partial disability[:] Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009).

(5) Total disability shall continue until it is adjudicated or agreed . . . that total disability has ceased or the employe's condition improves to an impairment rating that is less than [35%] of the degree of impairment defined under the [AMA 'Guides,'] 6th edition (second printing April 2009).

(6) Upon request of the insurer, the employe shall submit to an [IRE] in accordance with the provisions of [S]ection 314 [of the Act] to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than [2] [IREs] under this clause during a [12]-month period.

(7) In no event shall the total number of weeks of partial disability exceed [500] weeks for any injury or recurrence thereof, regardless of the changes in status in disability that may occur. In no event shall the total number of weeks of total disability exceed [104] weeks for any employe who does not meet a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009), for any injury or recurrence thereof.

77 P.S. § 511.3 (emphasis added).

Section 3 of Act 111 further provides, in relevant part:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [A]ct, **an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this**

4

**paragraph**. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [A]ct.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, **an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph**.

Act 111, § 3(1), (2) (emphasis added).

Claimant first argues that the Board erred by determining that Act 111 can be applied to injuries that occurred before its October 24, 2018, effective date, because Act 111 lacks a retroactivity clause or other terminology sufficiently specific to demonstrate that the legislature intended it to apply retroactively. Employer rejoins that the Board's order must be affirmed based on this Court's decision in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020).

In *Rose Corporation*, this Court explained:

The plain language of Section 3 [of Act 111] establishes a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid. First, Section 3(1) [of Act 111] provides that an employer/insurer "shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph" for purposes of determining whether the 104 weeks of total disability had been paid. This 104 weeks is important because, under both the former and current IRE provisions, a claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation . . . . Therefore, pursuant to Section 3(1) [of Act 111], an employer/insurer will receive credit towards this 104 weeks for any weeks of total disability benefits that were previously paid prior to Act 111's enactment. Second, an employer/insurer will be given credit for any weeks of partial disability compensation paid prior to enactment of Act 111 "for the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the Act." In short,

5

any week of partial disability previously paid will count towards the 500-week cap on such benefits.

Accordingly, Section 3 of Act 111 does not evidence clear legislative intent that the entirety of Act 111 should be given retroactive effect. Instead, it appears the General Assembly intended that employers and insurers that relied upon former Section 306(a.2) [of the Act] to their detriment by not pursuing other methods of a modification should not bear the entire burden of the provision being declared unconstitutional. Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid. However, for the benefit of claimants, the General Assembly also specifically reduced the impairment rating necessary for a claimant's status to be changed from 49% or lower to 34% or lower, making it more difficult for employers to change total disability status to partial disability status. That the General Assembly used specific language to give retroactive effect to these carefully selected individual provisions does not make the entirety of Act 111 retroactive as the amendment lacks clear language to that effect.

*Rose Corp.*, 238 A.3d at 561-62 (citations and footnote omitted).

While it is true that Section 306(a.3) [of the Act] essentially reenacted the IRE provisions, importantly, Section 306(a.3) [of the Act] **did not take effect** until it was enacted on October 24, 2018. Therefore, until that time, [an e]mployer could not utilize an IRE to change [a c]laimant's disability status, even if the IRE otherwise complied with the later enacted requirements of Section 306(a.3)(1) [of the Act,] because no law permitted [an e]mployer to utilize an IRE process until Act 111 was enacted. There is no provision in Act 111 which specifically or implicitly provides for an IRE performed **prior** to Section 306(a.3) [of the Act]'s enactment to be validated afterward. Arguably, this would undermine the invalidation of IREs by the [Pennsylvania] Supreme Court in *Protz II*, whereas the approach set forth herein gives effect to the statutory language while upholding the legislative balance of claimants' and employers'/insurers' interests in light of *Protz II* and Act 111.

6

*Rose Corp.*, 238 A.3d at 563-64 (footnote omitted).

"[A]s [this Court] made clear in *Rose Corporation*, the 104-week and credit provisions of Act 111 were explicitly given retroactive effect by the clear language used by the General Assembly." *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021); *see also Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth. No. 166 C.D. 2021, filed Feb. 15, 2022),[6] slip op. at 7 ("Act 111's IRE mechanisms can only apply after an employee has received 104 weeks of total disability benefits, which clearly contemplates application to injuries predating Act 111. 77 P.S. § 511.3(1).") "Because our analysis in *Pierson* is directly applicable and controlling here, we reject [the c]laimant's constitutional challenge[] to Act 111."). Accordingly, the Board properly determined that Act 111 can be applied to injuries that occurred before its October 24, 2018, effective date.

Claimant next argues that the Board erred by determining that Act 111 is not an unlawful delegation of legislative authority. Employer rejoins that the Board's order must be affirmed based on this Court's decision in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd*, (Pa. No. 88 MAP 2019, filed Aug. 18, 2020), wherein this Court determined that the General Assembly did not delegate its legislative authority when it enacted Section 306(a.3) of the Act adopting existing standards as its own in the exercise of its legislative power.

---

[6] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

In *Pennsylvania AFL-CIO*, this Court explained:

> The non-delegation doctrine **does not prohibit** the General Assembly from "adopting as its own a particular set of standards which **already are in existence** at the time of adoption." *Protz II*, 161 A.3d at 838 (emphasis added). That is what the General Assembly did here - it adopted the [6]th Edition, second printing, which P[ennsylvania] AFL-CIO admits was **in existence** when Section 306(a.3) [of the Act] was enacted, "as its own." *Id.* When such an adoption occurs, the General Assembly is exercising its legislative and policy making authority by deciding that it is those particular standards that will become the law of this Commonwealth. It is not delegating its authority to legislate. The General Assembly made a policy decision regarding the standards that will apply to IREs in the Commonwealth going forward.

*Pa. AFL-CIO*, 219 A.3d at 316; *see also Pierson*. "As this issue is now settled, there is no need for us to address it further herein." *Dohn v. Beck N' Call* (Pa. Cmwlth. No. 103 C.D. 2021, filed Sept. 20, 2021), *appeal denied*, (Pa. No. 575 MAL 2021, filed Mar. 14, 2022), slip op. at 9. Accordingly, the Board properly determined that Act 111 is not an unlawful delegation of legislative authority.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

8

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Joseph Janison,                 :
         Petitioner         :
                                 :
         v.                    :
                                 :
City of Philadelphia (Workers'    :
Compensation Appeal Board),     :     No. 1335 C.D. 2021
         Respondent      :

## O R D E R

AND NOW, this 29th day of June, 2022, the Workers' Compensation Appeal Board's November 5, 2021 order is affirmed.

 

_____

ANNE E. COVEY, Judge